UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO: |
| BAXLEY CORPORATION, LLC | 22-00397-5-DMW |
| DEBTOR | CHAPTER 7 |

| | |
|---|---|
| James B. Angell, Chapter 7 Trustee for Baxley Corporation, LLC, | |
| Plaintiff | Adv. Pro. No. _____ |
| vs. | |
| Baxley Leasing, LLC, and Martha Virginia Baxley, | |
| Defendants | |

## COMPLAINT

NOW COMES James B. Angell, Chapter 7 Trustee ("Plaintiff" or "Trustee") for Baxley Corporation, LLC, by and through his undersigned counsel, and complains of Defendants Baxley Leasing, LLC and Martha Virginia Baxley as follows:

### PARTIES, JURISDICTION, AND VENUE

1. On February 23, 2022, Baxley Corporation, LLC (the "Debtor" or "Baxley Corp.") filed a petition for relief under Chapter 7 of the United States Bankruptcy Code in the Eastern District of North Carolina.

2. James B. Angell was appointed by the United States Bankruptcy Court to serve as Chapter 7 Trustee in this case, and presently serves as Chapter 7 Trustee pursuant to 11 U.S.C. §704.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference of the United States District Court for the Eastern District of North Carolina.

5. This is a core proceeding under 28 U.S.C. §157(B) (2) (A), (E) and (O).

## GENERAL ALLEGATIONS

6. The allegations set out in paragraphs 1 through 5 above are realleged and incorporated by reference herein.

7. The Debtor is a limited liability company organized and operating under the laws of the State of North Carolina with its principal office located at 1211 Wake Forest Road, Raleigh, NC 27605. It was formed on May 11, 2017.

8. Defendant Martha Baxley holds a 75% interest in Baxley Corp. Her father-in-law, Rudolph Baxley, holds the other 25%. [*2004 Examination of Martha Baxley*, Exhibit A, p. 7-8].

9. By order of the Court filed on November 17, 2021 in *Harden v. Commercial Holding Corp., LLC et al*, Adv. Pro. 20-0037-5-DMW, E.D.N.C. (DE 87), the Court avoided transfers of ownership of interests in the Debtor made to Martha Virginia Baxley and Rudolph Baxley and ordered them to transfer their ownership interests in the Debtor to Holmes P. Harden, Chapter 7 Trustee for Brandon Scott Baxley. At the time, company officials of the Debtor allegedly included Defendant Martha Baxley as member/manager and Jonathan Keith as manager.

10. Baxley Leasing, LLC ("Baxley Leasing") is a limited liability company formed on or about June 7, 2016, organized and operating under the laws of the State of North Carolina with its principal office located at 1211 Wake Forest Road, Raleigh, NC 27604.

11. Defendant Martha Virginia Baxley ("Defendant Martha Baxley") is a resident of Wake County, North Carolina, whose residential address is 1211 Wake Forest Road, Raleigh, North Carolina 27604.

12. Defendant Martha Baxley is the wife of Brandon Baxley and lives with him at 1211 Wake Forest Road, Raleigh North Carolina 27604.

13. Defendant Martha Baxley is allegedly the sole member/manager of Baxley Leasing and allegedly owns 100% of the interest in Baxley Leasing. [Exhibit A, p. 52].

14. Brandon Baxley invested in real estate development prior to 2009. When real estate values fell in 2009 and 2010, he lost property through foreclosure. As a result, he was sued for deficiencies and had several judgments entered against him. [*341 Meeting of Brandon Baxley*, Exhibit C, p. 5].

15. As a result of those judgments, Brandon Baxley developed schemes to support himself free of the risk of execution on the judgments.

16. Among those schemes was the plan to operate in entities purportedly owned by others in which he held control and the beneficial interests. For example, Baxley Corp. was nominally owned by Defendant Martha Baxley and his father, Rudolph Baxley. Although Brandon Baxley worked approximately 60 hours per week, he received no pay from Debtor, although many of his personal expenses were paid directly by Debtor. [Exhibit A, p. 29-29, 33; *2004 Examination of Brandon Baxley*, Exhibit B, p. 29].

17. Prior to the Petition Date, Brandon Baxley operated and managed Baxley Corp. [Exhibit A, p. 22-23].

18. Prior to his personal bankruptcy, Brandon Baxley was the named manager of Baxley Corp. After the petition date for his personal bankruptcy, Brandon Baxley represented to the Court that he had stepped down as manager and Jonathan Keith took over. [Exhibit B, p. 78-79] Upon information and belief, Jonathan Keith was merely the nominal manager while Brandon Baxley continued to run and operate the business as the acting manager.

19. Baxley Corp is a construction company that contracts for highway and bridge maintenance and repairs, tree work, road closures, traffic control, and storm cleanup. [*2004 Examination of Jonathan Keith*, Exhibit D, p. 43-45].

20. Baxley Leasing is in the business of leasing construction equipment and heavy machinery. [Exhibit B, p. 43; Exhibit D, p.121].

21. Baxley Leasing has exclusively one client - Baxley Corp - to which it leases equipment. [Exhibit A, p. 53; Exhibit D, p.121].

22. The nominal manager of Baxley Leasing, Defendant Martha Baxley, has no experience in construction. [Exhibit A, p. 62].

23. Defendant Martha Baxley spends less than ten hours a month on the business of Baxley Leasing. [Exhibit A, p. 29].

24. Selections of equipment to be purchased by Baxley Leasing are made by Brandon Baxley and approved by Defendant Martha Baxley without question. [Exhibit A, p. 54].

25. Although Defendant Martha Baxley is purportedly in charge of financial matters, she does not regularly review financial statements, bank accounts or business records of Baxley Leasing. [Exhibit A, p. 25, 27].

26. Defendant Martha Baxley is not involved in the substantive day-to-day operations of Baxley Leasing. [Exhibit A, p. 23].

27. Defendant Martha Baxley permits Brandon Baxley to make all substantive decisions related to Baxley Leasing. [Exhibit A, p. 63].

28. Defendant Martha Baxley's purported ownership of Baxley Leasing is merely a nominal ownership. Baxley Leasing was operated in conjunction with Baxley Corp. in a manner to protect assets of Baxley Leasing, in which Baxley Corp. has an equitable ownership, from claims of the creditors of Baxley Corp.

29. Despite Baxley Leasing "leasing" substantial amounts of equipment to Baxley Corp., there are no written leases between Baxley Corp. and Baxley Leasing and no definite lease terms.

[Exhibit A, p. 59-60].

30. Baxley Corp. does not pay market lease rates for equipment provided by Baxley Leasing. Instead, Baxley Corp. pays to Baxley Leasing enough to cover the finance costs and leasing costs of equipment owned by Baxley Leasing, plus $5,000 for monthly distributions to Martha Baxley. [Exhibit A, p. 54, 56-57; *Affidavit of Robert Nordlander*, Exhibit E, p.2].

31. Baxley Corp. pays substantially all insurance, taxes, maintenance, repairs, and license expense for the equipment "owned" by Baxley Leasing. [Exhibit A, p. 54, 56-57; Exhibit E, p. 2].

32. In addition, Baxley Corp. has made payments to Baxley Leasing to allow Baxley Leasing to purchase additional equipment to be used by Baxley Corp. without financing. [Exhibit A, p. 54-55; Exhibit E, p. 2].

33. Based on the minimal hours she spends on the business of Baxley Leasing and her lack of skill and experience in the field of construction, the monthly salary of $5,000.00 paid to her by Baxley Leasing is excessive and unsupported by market rates.

34. Funds are frequently transferred between Baxley Corp. and Baxley Leasing as "loans" without promissory notes or defined terms. [Exhibit E, p. 2]

35. In her Rule 2004 examination taken in Brandon Baxley's bankruptcy case, Defendant Martha Baxley, nominally the sole manager/member of Baxley Leasing, did not know the balance in Baxley Leasing's bank accounts or how much Debtor pays to Baxley Leasing each month and could not even provide general figures. Defendant Martha Baxley was also unable to provide testimony as to the assets owned by Baxley Leasing. [Exhibit A, p. 58-59].

36. In addition, in 2020, Brandon Baxley applied for and received a Paycheck Protection Program loan ("PPP loan") from the government on behalf of Baxley Leasing using wages paid for employees of Baxley Corp. [Exhibit E, p. 2].

37. The loan package contained payroll tax forms claiming Martha Baxley and other Baxley Corporation employees as employees of Baxley Leasing from January 1, 2020 to March 31, 2020. Baxley Leasing did not have any employees during that period. In addition, Martha Baxley's 2020 personal income tax return does not report any employee wages from Baxley Leasing. Nor does Baxley Leasing business tax schedule report any wages. [Exhibit E, p. 2-3].

38. Baxley Leasing and Baxley Corp. were managed by Brandon Baxley as if they were the same company. No formalities existed between the two companies creating a business relationship and Baxley Leasing and Baxley Corp. did not deal with other at arm's length.

39. In addition to the absence of any written formalities, it is clear that Baxley Leasing is operated as a mere instrumentality of Baxley Corp. to hold assets acquired for the sole benefit of Baxley Corp. free of claims of creditors of Baxley Corp.

**FIRST CLAIM**

4

**(Alter Ego – Baxley Corp.)**

40. The allegations set out in paragraphs 1 through 39 above are realleged and incorporated herein by reference.

41. The Debtor, by and through Defendant Martha Baxley, has exerted complete domination and control over Baxley Leasing.

42. Baxley Leasing has no business relationships with any customers other than Baxley Corp. and has no other business purpose besides leasing equipment exclusively to Baxley Corp.

43. The leasing arrangement between Baxley Corp. and Baxley Leasing is intended to divert or to expend company resources of Baxley Corp. and to hold equipment in the name of Baxley Leasing for the benefit of Baxley Corp. to the detriment of creditors of Baxley Corp. and creditors of its beneficial owner, Brandon Baxley.

44. Baxley Corp., through its manager, Defendant Martha Baxley, has used its control of Baxley Leasing to use property of Baxley Leasing for its own exclusive benefit free of claims of creditors of Baxley Corp.

45. As a result of the establishment and operations of Baxley Leasing, the creditors of Baxley Corp. are deprived of the value of the assets held in the name of Baxley Leasing to apply to their claims.

46. As a result of the establishment and operations of Baxley Leasing, the creditors of Brandon Baxley are deprived of the added value the assets of Baxley Leasing bring to Brandon Baxley's equity interest in Baxley Corp.

47. Baxley Corp.'s domination and control of Baxley Leasing and the misuse of the corporate shell of Baxley Leasing is the proximate cause of the harm to Baxley Corp.

48. Baxley Corp. has used the corporate shell of Baxley Leasing to hold and pay for assets used by Baxley Corp. while preventing its creditors from reaching those assets.

49. Plaintiff prays that the corporate veil of Baxley Leasing be pierced, such that Baxley Leasing be held to be an alter ego and mere instrumentality of the Debtor, Baxley Corp., and that such rights be superior to the rights of Defendant Martha Baxley as nominal member.

50. Plaintiff prays that the assets of Baxley Leasing be held to be assets of Baxley Corp. and be made available to satisfy claims in the Baxley Corp, bankruptcy estate, with any net value being distributable to Holmes P. Harden, as the equity holder of Baxley Corp.

**SECOND CLAIM FOR RELIEF**
**(Turnover of Property – 11 U.S.C. §542(a))**

51. The allegations set out in paragraphs 1 through 50 above are realleged and incorporated by

reference herein.

52. 11 U.S.C. §542(a) generally provides "an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property."

53. The assets owned by Baxley Leasing constitute property of the bankruptcy estate which the Trustee will administer for the benefit of the estate. The Trustee is entitled to an order requiring Baxley Leasing to turn over and deliver any and all assets owned by Baxley Leasing.

54. On information and belief, the equipment and other assets of Baxley Leasing are currently located throughout the state of North Carolina.

55. The Trustee seeks an order pursuant to 11 U.S.C.§542(a) requiring Baxley Leasing, Defendant Martha Baxley and all officers, agents, servants, employees and attorneys, and other persons who are in active concert or participation therewith, to turn over any and all such assets to the Trustee for administration in the Baxley Corp. bankruptcy case.

### THIRD CLAIM FOR RELIEF
### (Permanent Injunction)

56. The allegations set out in paragraphs 1 through 55 above are realleged and incorporated by reference herein.

57. Plaintiff seeks injunctive relief (1) enjoining Baxley Leasing, Martha Baxley, and all officers, agents, servants, employees and attorneys, and other persons who are in active concert or participation therewith from transferring title or possession of any assets of Baxley Leasing, or leasing any assets of Baxley Leasing to any other person, (2) enjoining Baxley Leasing Martha Baxley, and all officers, agents, servants, employees and attorneys, and other persons who are in active concert or participation therewith from moving any assets of Baxley Leasing out of the territorial boundaries of the state of North Carolina, and (3) requiring Baxley Leasing, Martha Baxley and Martha Baxley, and all officers, agents, servants, employees and attorneys, and other persons who are in active concert or participation therewith to assemble all of its assets in a location within the state of North Carolina to be determined by the Plaintiff (or, at the discretion of the Plaintiff, to a designated location where they may be moved by Plaintiff's Auctioneer).

58. Baxley Leasing's conduct in retaining the assets of Baxley Leasing in a limited liability company separate and apart from the assets of Baxley Corp., by and through Baxley Leasing, thr9ough Defendant Martha Baxley, if unrestrained, will cause the Plaintiff and the bankruptcy estate irreparable harm for which there is no adequate legal remedy.

59. The allegations contained in the Complaint support judgment in favor of Plaintiff and against the Defendants on the claims for relief alleged herein.

6

60. A balancing of the equities favors Plaintiff.  There will be no harm to Baxley Leasing should the Court grant the requested injunctive relief because Baxley Leasing has no legitimate existence other as a means of holding title to assets equitably owned by Baxley Corp.  Further, Baxley Leasing has no customers other than Baxley Corp. and Baxley Corp. no longer conducts business. In any event, any harm Baxley Leasing may suffer is substantially outweighed by the harm faced by the bankruptcy estate if an injunction is not enacted.

61. If the Trustee is successful on the merits, there is a substantial risk that the material assets of Baxley Leasing may be removed, concealed, destroyed or depleted.

62. Brandon Baxley and Defendant Martha Baxley have proven to this Court the assets of Baxley Leasing are at risk of attempting to remove material assets from the bankruptcy estate.

63. The public interest favors the entry of a permanent injunction in deterring people from improperly diverting assets from entities that operate with the use of credit and maintaining proper business relationships.

WHEREFORE, the Plaintiff prays that:

1. The corporate veil of Baxley Leasing be pierced, such that Baxley Leasing is held to be an alter ego and mere instrumentality of Baxley Corp., and that such rights be superior to the rights of Defendant Martha Baxley as nominal member, and that the assets of Baxley Leasing be available for administration in Baxley Corp.'s bankruptcy estate;

2. The Court enter an order requiring Baxley Leasing, Defendant Martha Baxley and all officers, agents, servants, employees and attorneys, and other persons who are in active concert or participation therewith, to turn over any and all such assets to the Trustee for administration in the Baxley Corp. bankruptcy case; and

3. The Court grant the Plaintiff injunctive relief (1) enjoining Baxley Leasing, Martha Baxley, and all officers, agents, servants, employees and attorneys, and other persons who are in active concert or participation therewith from transferring title or possession of any assets of Baxley Leasing, or leasing any assets of Baxley Leasing to any other person, (2) enjoining Baxley Leasing Martha Baxley, and all officers, agents, servants, employees and attorneys, and other persons who are in active concert or participation therewith from moving any assets of Baxley Leasing out of the territorial boundaries of the state of North Carolina, and (3) requiring  Baxley Leasing, Martha Baxley and Martha Baxley, and all officers, agents, servants, employees and attorneys, and other persons who are in active concert or participation therewith to assemble all of its assets in a location within the state of North Carolina to be determined by the Plaintiff (or, at the discretion of the Plaintiff, to a designated location where they may be moved by Plaintiff's Auctioneer).

4. Grant such other and further relief as may be just and proper.

This 9th day of March 2022.

                HOWARD, STALLINGS, FROM,
                ATKINS, ANGELL & DAVIS, P.A.

                s/Savannah Elaine Lavender
                Savannah Elaine Lavender
                N.C. State Bar No. 57970
                James B. Angell
                N.C. State Bar No. 12844
                P.O. Box 12347'
                Raleigh, NC 27605
                Telephone: 919-821-7700
                jangell@hsfh.com
                slavender@hsfh.com