UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE:<br><br>BRANDON SCOTT BAXLEY,<br><br>DEBTOR | CASE NO.:<br><br>18-03406-5-DMW<br><br>CHAPTER 7 |
| IN RE:<br><br>BAXLEY CORPORATION, LLC<br><br>DEBTOR | CASE NO:<br><br>22-00397-5-DMW<br><br>CHAPTER 7 |

## JOINT MOTION FOR EXAMINATION UNDER RULE 2004

NOW COME Holmes P. Harden, Chapter 7 Trustee for Brandon Scott Baxley ("Harden"), James B. Angell, Chapter 7 Trustee for Baxley Corporation, LLC ("Angell") and the U.S. Bankruptcy Administrator for the Eastern District of North Carolina, by and through undersigned counsel, (collectively referred to herein as the "Moving Parties"), and move this Court for an order directing THE ANTONELLI LAW FIRM, Ronald J. Antonelli, P.C., and, R.J. Antonelli to permit examination of certain documents pursuant to Rule 2004, and says the following:

1. Brandon Scott Baxley filed a voluntary petition under Chapter 7 on July 8, 2018. Harden is the duly appointed, qualified and acting Chapter 7 Trustee for Brandon Scott Baxley.

2. Baxley Corporation, LLC ("Baxley Corp") filed a voluntary petition under Chapter 7 on February 23, 2022. Angell is the duly appointed, qualified and acting Chapter 7 Trustee for Baxley Corporation, LLC.

3. The Moving Parties seek information from R.J. Antonelli, Ronald J. Antonelli, P.C., and The Antonelli Law Firm relating to acts, conduct, or property or to the liabilities and financial condition of Baxley Corporation, LLC, Brandon Scott Baxley, and any matter which may affect the administration of Brandon Scott Baxley's estate or Baxley Corporation, LLC's estate.

4. Specifically, the Moving Parties seek to have R.J. Antonelli, Ronald J. Antonelli, P.C., and The Antonelli Law Firm produce the documents listed on Exhibit A attached hereto within ten days after entry of an order granting this Motion.

WHEREFORE, the Moving Parties move this Court for an order pursuant to Fed.R.Bankr.P.2004:

1. Requiring R.J. Antonelli, Ronald J. Antonelli, P.C., and The Antonelli Law Firm to produce the documents listed on Exhibit A attached hereto within ten days after entry of an order granting this Motion at the offices of Howard, Stallings, From, Atkins, Angell & Davis, P.A. at 5410 Trinity Road, Suite 210, Raleigh, North Carolina, 27607, or such later date or location as may be designated by the Trustee;

2. Requiring that any review of documents for assertion of attorney-client privilege shall be made by an attorney for the client other than The Antonelli Law Firm – in the case of Brandon Baxley, by Travis Sasser, and in the case of Martha Baxley and Baxley Leasing, by James Hash and/or Bill Kroll; and

3. Grant such other and further relief as may be just and proper.

DATED: March 24, 2022

                                                       s/James B. Angell
James B. Angell
Howard, Stallings, From,
Atkins, Angell & Davis, P.A.
State Bar No. 12844
P.O. Box 12347
Raleigh, NC 27605
Telephone: (919) 821-7700
Facsimile: (919) 821-7703
jangell@hsfh.com

s/George Mason Oliver
GEORGE MASON OLIVER
N.C. State Bar No. 26587
THE LAW OFFICES OF
OLIVER & CHEEK, PLLC
PO Box 1548
New Bern, NC 28563
252-633-1930
252-633-1950 (fax)
Email: george@olivercheek.com
*Attorneys for Holmes P. Harden,*
*Trustee for Brandon Scott Baxley*

By: /s/ Brian C. Behr
Brian C. Behr
Senior Staff Attorney
NCSB #36616
Bankruptcy Administrator's Office
434 Fayetteville Street, Suite 640
Raleigh, NC 27601
(919) 856-4886
brian_behr@nceba.uscourts.gov
*Attorney for U.S. Bankruptcy Administrator*

# **EXHIBIT A**

## DEFINITIONS

1. The word "document" or "documents" is used in the broadest sense to mean and includes, but is not limited to, any printed, written, taped, recorded, graphic, computerized printout, or other tangible matter, from whatever source, however produced or reproduced, whether in draft or otherwise, whether sent or received, or all non-identical copies (whether different from the original because of notes made on or attached to such copy or otherwise) of any and all writings, correspondence, letters, telegrams, cables, **e-mail**, telexes, contracts, proposals, agreements, minutes, acknowledgments, notes, memoranda, analyses, projections, work papers, books, forecasts or appraisals, papers, records, reports, diaries, statements, questionnaires, schedules, computer programs or data, books of account, calendars, graphs, charts, transcripts, tapes, transcripts or recordings, photographs, pictures or film, ledgers, registers, worksheets, summaries, digests, financial statements, invoices, bills, and all other information or data, records or compilations, including all underlying supporting or preparatory material now in your possession, custody or control, or available to you, your attorneys, officers, directors, shareholders, affiliates, employees, accountants, agents, representatives or associates. "Document" or "documents" specifically includes without limitation documents kept by individuals in their desks, at home or elsewhere. **All electronic documents should be produced in their original native format with all descriptive, structural and administrative metadata and embedded metadata.**

2. A document or communication that "concerns," "concerning," "refers," "relates," or "pertains to" a given subject matter means any document or communication that directly or indirectly, in whole or in part, constitutes, contains, embodies, comprises, reflects, identifies, states, refers to, deals with, comments on, responds to, describes, analyzes, or in any way relates to, that subject.

3. The term "oral communication" means and includes any face-to-face conversation, meeting, or conference; any telephone conversation or conference; and any correspondence whatsoever by the use of any medium other than writing.

4. The term "communication" or "communicate" includes or requests information relating to all oral communications and "documents" (as hereinabove defined), whether or not any such document, or the information contained therein, was transmitted by its author to another person.

5. The word "address" or "addresses" shall mean the street number, street, city and

   state of subject person, business or other entity.

6. The words "and" and "or" shall be both conjunctive and disjunctive.

7. The words "you", "your" and shall refer to any individual or representative of The Antonelli Law Firm and/or Ronald J. Antonelli, P.C. in this matter, including but not limited to R.J. Antonelli and/or Travis Barkley.

8. "Person" includes all-natural persons, all corporate organizations, all private or government organizations, all other entities and the representatives of each such organization.

9. The term "Baxley Person" shall mean Brandon Baxley, Martha Baxley, Rudolph Baxley, Constance Baxley, Baxley Corporation, LLC (North Carolina and Delaware entities), Baxley Leasing LLC, Baxley Construction Co. Inc., Commercial Holdings Corporation, LLC, The Brandon Scott Baxley Revocable Trust, Rudolph Baxley and Constance A. Baxley Revocable Trust, Raleigh Foods, LLC, and Trouve Lighting, LLC.

10. The term "Affiliate" shall mean (A) an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of a Baxley Person, other than an entity that holds such securities (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote; or (B) a corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by a Baxley Person or combination of Baxley Persons, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of a Baxley Person, other than an entity that holds such securities (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote; or (C) a person whose business is operated under a lease or operating agreement by a Baxley Person or combination of Baxley Persons, or person substantially all of whose property is operated under an operating agreement with a Baxley Person or combination of Baxley Persons; or (D) entity that operates the business or substantially all of the property of a Baxley Person or combination of Baxley Persons under a lease or operating agreement.

11. The term "Insider" includes:

   (A) if a Baxley Person is an individual, (i) relative of the Baxley Person of a general partner of the Baxley Person; (ii) partnership in which the Baxley Person is a general partner; (iii) general partner of the Baxley Person; or (iv) corporation of which the Baxley Person is a director, officer, or person in control;

   (B) if the Baxley Person is a corporation, (i) any director, officer, or person in control of the Baxley Person; (ii) any partnership in which the Baxley Person is a general partner; (v) general partner of the Baxley Person; or (vi) relative of a general partner, director, officer, or person in control of the Baxley Person;

(C) if the Baxley Person is a partnership or limited liability company, (i) a general partner, manager or member in the Baxley Person; (ii) relative of a general partner, manager or member in, general partner, manager or member of, or person in control of the Baxley Person; (iii) partnership or limited liability company in which the Baxley Person is a general partner or member; (iv) general partner or member of the Baxley Person; or (v) person in control of the Baxley Person.

(D) an employee or a Baxley Person an agent of a Baxley Person, or any individual acting at the direction of or on behalf of a Baxley Person.

12. Should R.J. Antonelli, Ronald J. Antonelli, P.C., and/or The Antonelli Law Firm believe a document to be responsive to this request but refuse to produce said document, the following information must be provided:
    a. The type of document for which the privilege is claimed;
    b. The name and designation or capacity of the provider/author of the document;
    c. The name and designation or capacity of each recipient;
    d. If an email, the email address of each sender and recipient;
    e. The date of the information or the date on which the document was prepared, sent, or shared;
    f. The title and/or description of the information or document;
    g. The subject matter addressed in the information or document;
    h. The purpose(s) for which it was prepared or communicated; and,
    i. The privilege claimed.

13. If R.J. Antonelli, Ronald J. Antonelli, P.C. or the Antonelli Law Firm is aware of a document or item that is responsive but has been destroyed or is inaccessible currently, they shall provide the following information:
    a. Description of the document that was destroyed;
    b. Description of why the document was destroyed;
    c. The date the document was destroyed;
    d. Identity and contact information of any individuals believed to have personal knowledge regarding either the contents of the destroyed document or why the document was destroyed; and,
    e. If the document is currently inaccessible a description of the document and why it cannot currently be accessed.

<u>Documents to be Produced</u>

1. Any and all documents and/or communications concerning the formation, creation, management, administration, and/or termination of the Brandon Scott Baxley Revocable Trust.

2. Any and all documents and/or communications concerning any the following entities, including without limitation the formation and corporate governance of each of the following entities:

    a.    Baxley Corporation, LLC, (North Carolina Entity)
    b.    Baxley Corporation, LLC, (Delaware Entity)
    c.    Baxley Construction Co. Inc.,
    d.    Baxley Leasing, LLC,
    e.    Trouve Lighting, LLC,
    f.    Commercial Holdings Corporation, LLC,
    g.    Raleigh Foods, LLC.

This request includes but is not limited to operating agreements, corporate minutes, mergers, asset sale agreements, bylaws, other corporate governance documents, and all versions of these documents in existence.

3.    Any and all documents and communications concerning Baxley Corporation, LLC a limited liability corporation registered in Delaware.

4.    Any and all documents and/or communications concerning Brandon Scott Baxley, Baxley Corporation, LLC (NC or DE), Baxley Leasing, LLC, and/or Raleigh Foods, LLC's financial transaction/s with Plates Neighborhood Kitchen, Stephen M. Day, Jr. a/k/a Steve Day, and/or Plates Kitchen Catering, LLC.

5.    Any and all documents and/or communications concerning the bankruptcy filings of Brandon Scott Baxley or Baxley Corporation, LLC in the Eastern District of North Carolina. This request includes but is not limited to matters concerning: the representation of Brandon Scott Baxley, Baxley Corporation, LLC, or any other Baxley Person or Baxley Persons before the Bankruptcy Court for the Eastern District of North Carolina; a Baxley Person's or Baxley Persons' obligation to produce documents or provide testimony as part of the bankruptcy proceedings; and, provision of documents or information to any attorney or other professional representing a Baxley Person in relation to the bankruptcy proceedings.

6.    Any and all documents and/or communications concerning Brandon Scott Baxley's involvement in the following entities: Baxley Corporation, LLC, (NC or DE); Baxley Construction Co. Inc.; Baxley Leasing, LLC; Trouve Lighting, LLC; Commercial Holdings Corporation, LLC; and, Raleigh Foods, LLC.

7.    Any and all documents and communications concerning the merger and/or purchase agreement between Baxley Construction Co. Inc, and Baxley Corporation, LLC (NC or DE).

8.    Any and all documents and communications between W. Travis Barkley and R.J. Antonelli concerning the Brandon Scott Baxley bankruptcy proceeding. This request includes but is not limited to the following subjects: compensation to be paid to W. Travis Barkley; representations to be made within filings made with the Bankruptcy Court; and, representations to be made to the Bankruptcy Court.

9.    Any and all documents and communications concerning Paycheck Protection Program (PPP) Loans or EIDL Grants applied for and/or received by any Baxley Person, including without limitation Baxley Corporation, LLC, and/or Baxley Leasing, LLC.

10. Any and all documents and communications (including text messages and emails) exchanged with Brandon Scott Baxley, whether sent or received directly or by carbon copy, blind carbon copy, or otherwise, this request includes any attachments to these communications.

Any and all documents and communications (including text messages and emails) exchanged with brandon@baxleycorp.com, whether sent or received directly or by carbon copy, blind carbon copy, or otherwise, this request includes any attachments to these communications.

11. Any and all documents and communications relating to business transactions between R.J. Antonelli, Ronald J. Antonelli, P.C., and/or The Antonelli Law Firm and any Baxley Person, or Affiliate or Insider of a Baxley Person during the period of time from January 1, 2017 – present.

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO.: |
| BRANDON SCOTT BAXLEY, | 18-03406-5-DMW |
| DEBTOR | CHAPTER 7 |
| IN RE: | CASE NO: |
| BAXLEY CORPORATION, LLC | 22-00397-5-DMW |
| DEBTOR | CHAPTER 7 |

### CERTIFICATE OF SERVICE

I, Savannah Elaine Lavender, of the law firm Howard, Stallings, From, Atkins, Angell & Davis, P.A., certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age:

That on March 23, 2022, the foregoing <u>MOTION FOR EXAMINATION UNDER RULE 2004</u> was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the parties listed below. I further certify that I have mailed the document to the non CM/ECF participants as set out below by first class mail.

I certify under penalty of perjury that the foregoing is true and correct.

DATE: March 24, 2022

        _s/Savanah Elaine Lavender
        Savannah Elaine Lavender
        P.O. Box 12347
        Raleigh, NC 27605

| | |
|---|---|
| Marjorie K. Lynch, Esquire<br>Bankruptcy Administrator<br>*Served via cm/ecf and by email to*<br>Lesley_Cavenaugh@nceba.uscourts.gov *and*<br>Karen_Cook@nceba.uscourts.gov | George M. Oliver<br>*Attorney for Debtor*<br>*Served via cm/ecf* |
| Baxley Corporation, LLC<br>ATTN: Holmes Harden, Esq.<br>Attn: Managing Agent<br>301 Fayetteville Street, Suite 1700<br>Raleigh, NC 27601 | The Antonelli Law Firm<br>Attn: Managing Agent<br>8801 Fast Park Drive<br>Suite 301<br>Raleigh, NC 27617 |

|  | *Served via cm/ecf* |
|---|---|
| Ronald J. Antonelli<br>8801 Fast Park Drive<br>Suite 301<br> Raleigh, NC 27617 | Baxley Construction Company, Inc.<br>Attn: Constance A. Baxley, Registered Agent<br> 1190 E. Connecticut Ave.<br>Southern Pines, NC 28387 |
| Baxley Leasing, LLC<br>Attn: Managing Agent<br>1211 Wake Forest Road<br>Raleigh, NC 27605 | Trouve Lighting, LLC<br>Attn: Managing Agent<br>1211 Wake Forest Road<br>Raleigh, NC 27605 |
| Brandon Baxley<br>1211 Wake Forest Road<br>Raleigh NC 27605 | Martha Baxley<br>1211 Wake Forest Road<br>Raleigh NC 27605 |
| Travis Sasser<br>Sasser Law Firm<br>Attorneys for Brandon Baxley<br>*Served via cm/ecf* | Joseph E. Zeszotarski, Jr.<br>Attorney at Law<br>Attorneys for Brandon Baxley<br>*Served via cm/ecf* |
| Constance A. Baxley<br> 1190 E. Connecticut Ave.<br>Southern Pines, NC 28387 | Rudolph Baxley<br>P.O. Box 2067<br>Southern Pines 28388 |
| Rudolph Baxley<br>P.O. Box 28655<br>Raleigh NC 27611 | Rudolph Baxley<br>1190 E. Connecticut Ave.<br>Southern Pines, NC 28387 |