UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO: |
| BAXLEY CORPORATION, LLC | 22-00397-5-DMW |
| | CHAPTER 7 |
| DEBTOR | |

## NOTICE OF MOTION FOR ENTRY OF CONSENT ORDER AND TO AUTHORIZE DISTRIBUTION TO WALTER L. HINSON
(Claim 28-1)

James B. Angell, Chapter 7 Trustee in the above referenced case ("Trustee"), has filed papers with the Court for an order seeking entry of a Consent Order resolving Claim No. 28-1 and authorizing the Trustee to make an interim distribution to Walter L. Hinson, the holder of Claim No. 28-1, in this case.

<u>Your rights may be affected</u>. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the court to grant the motion, or if you want the court to consider your views on the motion, then on or before **May 2, 2025** unless otherwise ordered, you or your attorney must file with the court, pursuant to Local Rule 9013-1 and 9014-1, a written response, an answer explaining your position, and a request for hearing. The Court's mailing address is at:

Clerk, U.S. Bankruptcy Court
Eastern District of North Carolina
Po Box 791
Raleigh, North Carolina 27602

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also mail a copy to:

| | |
|---|---|
| Brian C. Behr, Esquire<br>Bankruptcy Administrator<br>434 Fayetteville Street, Suite 640<br>Raleigh, NC 27601 | James B. Angell<br>Howard Stallings Law Firm<br>P.O. Box 12347<br>Raleigh, NC 27605 |
| Baxley Corporation, LLC<br>c/o Holmes P. Harden<br>301 Fayetteville Street, Suite 1700<br>Raleigh, North Carolina 27601 | Walter L. Hinson PA (ADMINISTRATIVE)<br>1206 Essex Circle<br>Wilson, NC 27896 |

If a response and a request for hearing is filed in writing on or before the date set above, a hearing will be conducted on the application at a date, time and place to be later set and all parties will be notified accordingly.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the application and may enter an order granting that relief.

DATED: April 8 2024

                                                s/James B. Angell
                                                James B. Angell
State Bar No. 12844
Howard Stallings Law Firm
P.O. Box 12347
Raleigh, NC 27605-2347
Telephone: (919) 821-7700
jangell@howardstallings.com
Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| IN RE: | CASE NO: |
|---|---|
| BAXLEY CORPORATION, LLC | 22-00397-5-DMW |
| DEBTOR | CHAPTER 7 |

**MOTION FOR ENTRY OF CONSENT ORDER AND
TO AUTHORIZE DISTRIBUTION TO WALTER L. HINSON
(Claim 28-10)**

NOW COMES James B., Angell, Chapter 7 Trustee for Baxley Corporation, LLC, and moves the Court to enter the attached Consent Order between the Trustee and Walter L. Hinson and Walter L. Hinson, PA, resolving Claim No. 28-1 filed by Walter L. Hinson, PA, and to authorize a distribution to Walter L Hinson in the amount of $10,850.50, and shows the Court as follows:

1. This matter is a core proceeding pursuant to 28 U.S.C. §157, and the Court has jurisdiction pursuant to 28 U.S.C. §§151, 157 and 1334. The Court has the authority to hear this matter pursuant to the General Order of Reference entered August 3, 1984, by the United States District Court for the Eastern District of North Carolina.

2. On February 23, 2022, Baxley Corporation, LLC filed a petition for relief under Chapter 7 of the Bankruptcy Code.

3. James B. Angell was appointed as and now serves as the duly appointed chapter 7 trustee in the Baxley Corporation, LLC bankruptcy case.

4. On February 25, 2025, "Walter L. Hinson PA (**ADMINISTRATIVE**)" filed, as Claim No. 28-1, an Order Allowing Compensation and Reimbursement of Expenses filed on May 19, 2022 entered in in the case of *In re Brandon Scott Baxley*, Case No. 18-03406-5-DMW (the "Compensation Order"). The Compensation Order by its terms awards to Walter L Hinson, individually, compensation in the amount of $10,762.50 and reimbursement of expenses in the amount of $88.00 for the period from December 8, 2021 to February 22, 2022.

5. On March 25, 2025, James B. Angell, as Trustee for Baxley Corporation, LLC, filed an Objection to Claim No. 28-1 [DE 505].

6. The parties resolved their dispute regarding Claim No. 28-1 on the terms set out in the attached Consent Order re Trustee's Objection to Claim No. 28-1 (Walter L. Hinson PA).

7. For the reasons set out in the Consent Order re Trustee's Objection to Claim No. 28-1 (Walter L. Hinson PA), the Trustee requests that the Court enter the Consent Order.

8. Pursuant to the terms of the Consent Order, Walter L. Hinson, individually, is allowed a claim in the amount of $10,850.50, which is an allowed claim pursuant to 11 U.S.C.§507(a)(4)(A).

9. Pursuant to 11 U.S.C. 726(a)(1):

   (a) Except as provided in section 510 of this title, property of the estate shall be distributed—

   (1) first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title, proof of which is timely filed under section 501 of this title or tardily filed on or before the earlier of—

   (A) the date that is 10 days after the mailing to creditors of the summary of the trustee's final report; or

   (B) the date on which the trustee commences final distribution under this section;

   Section 726(a)(1) permits a tardy priority claim to be considered on a par with timely filed priority claim for purposes of this distribution, if it is filed on or before the earlier of 10 days after the mailing of the summary of the trustee's final report to creditors or the date on which the trustee commences final distribution 6 *Collier on Bankruptcy* P 726.02 (16th 2025).

10. The Trustee has not mailed a summary of the Trustee's final report or commenced a final distribution in this case.

11. The Trustee has made two interim distributions in this case. On December 4, 2023, the Court authorized the Trustee to distribute $400,000.00, including $59,786.17 to holders of priority claims and $184,260.39 to holders of timely-filed allowed unsecured claims entitled to distributions pursuant to 11 U.S.C.§726(A)(3). [DE 465] On November 26, 2024, the Court authorized the Trustee to make distributions of $175,000, including $109,710.54 to holders of timely-filed allowed unsecured claims entitled to distributions pursuant to 11 U.S.C.§726(A)(3). [DE 465]

12. The Trustee presently holds $212,469.80, and anticipates receiving an additional $88,605.94 from Baxley Leasing, LLC.

13. Pursuant to the Compensation Order and the Consent Order, Walter L Hinson, individually, is entitled to compensation in the amount of $10,762.50 and reimbursement of expenses in the amount of $88.00 for the period from December 8, 2021 to February 22, 2022. No withholdings for federal or state income taxes or for FICA or Medicare are required to be paid pursuant to the terms of the Order.

14. The Trustee, in the exercise of his business judgment, believes the funds on hand and the anticipated collections, after payment of Mr. Hinson's claim, are sufficient to pay any

    additional administrative costs and claims and to address contingencies in the case.

15. Although distributions of funds in a chapter 7 case, other than certain chapter 7 administrative expenses, are ordinarily made at the conclusion of the case to avoid unforeseen events, the Trustee seeks authority to make an interim distribution of funds to Mr. Hinson at this time as provided in this Motion.

16. Allowing an interim distribution at this time will facilitate subsequent interim distributions to unsecured creditors as funds are collected from settlements or litigation due to payment to holders of claims having a higher priority under 11 U.S.C.§726(a). Further, in light of the fact that creditors of lower priority have received interim distributions, it is equitable to pay Mr. Hinson's claim at this time.

17. The Trustee discloses and represents that there is a possibility of events that may result in an insufficiency of assets to pay claims having the same or higher priority under 11 U.S.C. §726(a) and (b) than the claims proposed to be paid in this Motion. The Trustee has exercised his judgment in a conservative fashion, balancing the desirability of making distributions at this time against the risks of an insufficiency to pay claims entitled to the same or a higher priority under 11 U.S.C.§726(a) and (b) and seeks an order authorizing him to make the distribution to Mr. Hinson described herein notwithstanding such risk.

    WHEREFORE, the Trustee prays for the Court to order the following relief:

1. Entry of the attached Consent Order re Trustee's Objection to Claim No. 28-1 (Walter L. Hinson PA);

2. Authorizing the Trustee to make a distribution of $10,850.50 to Walter L. Hinson in full satisfaction of Claim No. 28-1, as amended by the Consent Order;

3. Finding that under the unique circumstances of this case, the Trustee shall not be required to withhold federal or state income taxes or FICA or Medicare withholding upon payment of Mr. Hinson's claim;

4. Holding that the Trustee is so authorized notwithstanding the risk of events that might result an insufficiency to pay claims entitled to the same or a higher priority under 11 U.S.C.§726 than Mr. Hinson's claim; and

5. Granting such other and further relief as the court may deem just and proper.

DATED:  April 8, 2025

                                                   _s/James B. Angell
                                                   James B. Angell
                                                   State Bar No. 12844
                                                   Howard Stallings Law Firm
                                                   P.O. Box 12347

Raleigh, NC 27605-2347
Telephone: (919) 821-7700
jangell@howardstallings.com

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO: |
| BAXLEY CORPORATION, LLC | 22-00397-5-DMW |
| DEBTOR | CHAPTER 7 |

### CERTIFICATE OF SERVICE

The undersigned, of the Howard Stallings Law Firm, certifies:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age:

That on this day, the foregoing Notice of Motion and **MOTION FOR ENTRY OF CONSENT ORDER AND TO AUTHORIZE DISTRIBUTION TO WALTER L. HINSON (Claim 28-1)** was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the parties listed below. I further certify that I have mailed the document to the non CM/ECF participants as set out below by first class mail.

I certify under penalty of perjury that the foregoing is true and correct.

DATE: April 8, 2025

   s/James B. Angell
James B. Angell
P.O. Box 12347
Raleigh, NC 27605

| | |
|---|---|
| Brian C. Behr, Esquire<br>Bankruptcy Administrator<br>*Served via cm/ecf and by email to*<br>*Lesley_Dean@nceba.uscourts.gov* | George M. Oliver<br>*Attorney for Debtor*<br>*Served via cm/ecf* |
| Baxley Corporation, LLC<br>301 Fayetteville Street, Suite 1700<br>Raleigh, NC 27601 | Walter L. Hinson, P.A.<br>Attn: Managing Agent<br>1206 Essex Circle NW<br>Wilson NC 27896 |